IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PHILLIP TURNER, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:15-CV-939-RP |
| CITY OF ROUND ROCK, SERGEANT M. OSBORN, OFFICER P. HERNANDEZ, OFFICER M. SALINAS, OFFICER L. HARPER-HILL, and OFFICER D. JENNINGS, | § § § § § § § § | |
| Defendants. | § § | |

**<u>ORDER</u>**

Before the Court are the City of Round Rock's Motion to Dismiss (Dkt. 37) and the responsive pleadings thereto. After reviewing the pleadings, the relevant law, and the factual record, the Court issues the following order.

**I. Background**

Plaintiff Phillip Turner brings this civil action against Defendants City of Round Rock ("the City"), and against Sergeant M. Osborn, Officer P. Hernandez, Officer M. Salinas, Officer L. Harper-Hill, and Officer D. Jennings (collectively "the Officers").

On July 20, 2014, Turner was "standing on the sidewalk in plain view" in front of the Round Rock Police Department building, "wearing some basketball shorts, a T-shirt, and some tennis shoes." (Dkt. 30. ¶ 16). He was videotaping the activity and vegetation around the building with the use of a handheld video camera.

While this was happening, Hernandez arrived in a squad car and began asking Turner questions about who he was and what he was doing. Hernandez then asked Turner to show photo identification. After Turner refused, Hernandez handcuffed him and placed him under arrest.

1

Osborn and other officers arrived soon after. Osborn asked Turner why he was taking pictures, but neither Osborn nor any of the other officers intervened in Turner's detention. Turner was only released after he agreed to identify himself.

About a month after Turner's arrest, an officer in the Internal Affairs Unit of the Round Rock Police Department determined that Hernandez violated Turner's rights under the Fourth Amendment by detaining him and telling him that he was only free to leave if he first identified himself. (Dkt. 30 ¶ 41).

Turner subsequently filed this action on October 21, 2015, alleging that the Officers violated his First, Fourth, and Fourteenth Amendment rights. He filed an amended complaint adding the City as a defendant on January 8, 2016, and a second amended complaint on March 17, 2016. The Officers and the City each moved for dismissal of the complaint. On May 25, 2016, this Court denied the Officers' motion to dismiss Turner's First Amendment claim and his Fourth Amendment claim for unlawful seizure, but granted the Officers' motion to dismiss with respect to Turner's excessive force claim.

Now before the Court is Defendant City of Round Rock's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The City claims that Turner failed to assert facts which give rise to legal liability for the City.

## II. Standard of Review

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned

accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. The court must initially identify allegations in the complaint that are no more than legal conclusions or "[t]hreadbare recitals of a cause of action's elements," then assume the veracity of well-pleaded factual allegations and "determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 79 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. Municipal Liability

Turner brings his claims under 42 U.S.C. § 1983 alleging that the City violated his First, Fourth and Fourteenth amendment rights. Municipalities and other local governments may be held liable for constitutional violations under § 1983 where official policy or custom caused those violations. *Bennett v. City of Slidell*, 728 F.2d 762, 766 (5th Cir. 1984). Municipalities may not, however, be held liable for such violations under theories of respondeat superior or vicarious liability. *Monnell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–92 (1978). In order to ensure that a municipality is not subject to liability merely because it employs a tortfeasor, municipal liability under § 1983 requires proof of three elements. *Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir. 2001). First, there must be an official policymaker "with actual or constructive knowledge of the constitutional violation." *Zarnow v. City of Wichita Falls,* 614 F.3d 161, 167 (5th Cir. 2010). Second, there must be an "official policy." *Id.* at 166. Such policy may either be a formally announced policy statement, ordinance, or regulation, or it may be a custom that is "a persistent, widespread practice of City officials of employees." *Piotrowski*, 237 F.3d at 579 (quoting *Webster v. City of Houston*, 735 F.2d 838,

3

841 (5th Cir. 1984)). Third, there must be "a violation of constitutional rights whose moving force is the policy or custom." *Id.* at 578; *Zarnow*, 614 F.3d at 166. In short, "[m]unicipal liability requires deliberate action attributable to the municipality that is the direct cause of the alleged constitutional violation." *Zarnow*, 614 F.3d at 167.

### IV. Allegations Against the City

This Court has already determined that Turner adequately plead claims against the Officers for unlawful seizure and First Amendment violations.[1] (Order, May 25, 2016). In addition to these claims, Turner's complaint includes numerous allegations related to the City's liability.

First, Turner alleges the City violated his First Amendment rights due to his arrest by one of the City's police officer while he was videotaping the Round Rock Police Department building. (Dkt. 30 ¶¶ 54–57). Turner claims that "the policymaker for the City of Round Rock, either it's [sic] City Council, City Manager, or Chief of Police, has not established any adequate policies for the guidance of its police officers with regard to First Amendment rights." (*Id.* ¶ 54). He claims that the City "should have established policies and procedures for its Police Department in line with the established law as to whether a person can be harassed, detained, seized, and arrested merely for videotaping the Round Rock Police Department and the activities of its officers . . . or should not have allowed a custom to exist in which officers did not follow such a policy, if one existed." (*Id.* ¶ 55). He also asserts that the City "had a duty under the First, Fourth, and Fourteenth Amendments to the Constitution of the United States to refrain from enforcing or continuing to effect procedures or customs that created a substantial likelihood that citizens would be subjected to unlawful harassment, detention, and seizure of their person by Round Rock's police officers merely for exercising their First Amendment rights." (*Id.* ¶ 56). Further, Turner claims that the City "is

---

[1] Turner's excessive force claim was dismissed. (Dkt. 43).

4

responsible for the violations of [Turner's] constitutional rights because the Defendant Officers' actions resulted from the deliberate indifference of the policymakers of the City":

> a. in failing to formulate, and require its police to follow, policies and procedures of providing for First Amendment rights and Fourth Amendment Rights;
> b. in chilling First Amendment Rights by allowing a custom to exist that officers could illegally detain individuals for their expressive conduct in videotaping police undertaking their official duties; or
> c. in failing to properly train and supervise officers who engage in such conduct.

(*Id.* ¶ 57).

Next, Turner makes allegations against the City based on the Officers' decision to arrest him for failure to provide identification. (*Id.* ¶¶ 58–60). He alleges that "the policies of the [City] were inadequate to guide its police officers in accordance with the established state and federal law as to whether a person can be detained, seized and handcuffed for failure to provide his identification." (*Id.* ¶ 58). He alleges that the City "had a duty under the Fourth and Fourteenth Amendments . . . to refrain from enforcing policies, procedures or customs that created a substantial likelihood that citizens would be subjected to unlawful detention . . . by Round Rock's Police Department officers for mere refusal to provide their identification and a duty to establish adequate policies to prevent such actions. (*Id.* ¶ 59). He claims that there were "[t]wo separate instances of violation of the Fourth Amendment by illegal seizure . . . first when Defendant Hernandez initially detained [Turner] for failure to identify himself and second when [Osborn] . . . continued the detention." (*Id.* ¶ 60). He also alleges that "upon information and belief there are other instances when Round Rock police have wrongfully detained persons merely for failure to identify themselves." (*Id.*).

Finally, Turner reiterates these allegations against the City and alleges that the City's actions have caused him damages. (*Id.* ¶¶ 61–63). Turner asserts that the City "through the deliberate indifference of its policymaker, its City Council, City Manager or Chief of Police, is liable for one or

more of the following wrongful acts or omissions that resulted in violation of [Turner's] constitutional rights:

> a. it failed to establish or enforce appropriate policies and procedures to address and protect the proper exercise of the First Amendment rights by individual citizens;
> b. it failed to establish adequate policies and procedures or customs regarding whether a person can be detained, seized, and handcuffed merely for refusing to provide his identification;
> c. it failed to adequately train and supervise its police officers regarding the foregoing; and
> d. at the time of the events in question, it had failed to give its officers appropriate policies, rules and limitations concerning the wrongful interference with the exercise of the First Amendment rights of a person in order to give Round Rock and its officers unfettered authority and "plausible deniability" in the event that the unreasonable detention and unlawful demand to see the identification of a person was questioned.

(*Id.* ¶ 61). Turner asserts that "[a]s a direct and proximate result of one or more of [the City's] wrongful acts or omissions, [he] sustained violations of his rights under the First, Fourth and Fourteenth Amendments." (*Id.* ¶ 62). Turner also alleges that "[a]s a direct and proximate result of the [the City's] wrongful acts or omissions, [he] sustained minor physical injury[,] . . . was prevented from exercising his First Amendment right to gather information about the authorities . . . [ and] suffered damages including pain and suffering, mental anguish, and other damages." (*Id.* ¶ 63).

## V. Analysis

These allegations, the City argues, are "devoid of specific facts" and instead include "formulaic recitations" of the elements of municipal liability. (Dkt. 37 at 5). The City asserts that Turner failed to adequately plead the existence of a policymaker or a policy that was the "moving force" behind the alleged violations in this case. (Dkt. 42 at 2). Because the City, particularly in its reply, focuses on the failure of the complaint to identify an official policy causing the alleged violations, the Court will first address whether Turner adequately alleged a policy or custom existed that could give rise to municipal liability.

For allegations of municipal liability to withstand a motion to dismiss, "[t]he description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory." *Spiller v. City of Tex. City*, 130 F.3d 162, 167 (5th Cir. 1997) (affirming dismissal with prejudice of Section 1983 claim against Texas City and its police department). The allegations "must contain specific facts." *Id.* With regard to the official policy element of the municipal liability test, the complaint mentions the City's (1) policies, (2) customs, and (3) failure to establish policies. Because each of these bases independently provides a hook for municipal liability, the Court will consider whether Turner has sufficiently pled facts as to each.

### 1. Policies

The complaint does not describe a policy—such as a rule promulgated by the police department, or a regulation in the city code—that was the cause of the Officers' alleged constitutional violations. What it does allege is that "[a]t all times relevant to the acts alleged in this complaint, Defendants were acting under the color of the statutes, ordinances, regulations, customs, and usages of the City of Round Rock," (Dkt. 30 ¶ 20), but this allegation is conclusory and thus insufficient under Federal Rule of Civil Procedure 8. *See Spiller*, 130 F.3d at 167 (holding that allegation that an officer is "'acting in compliance with the municipality's customers, practices or procedures' is insufficient because it is conclusory"). Other vague allegations in the complaint that the City did not establish "adequate" policies, (*e.g.*, Dkt. 30 ¶¶ 54, 58), are similarly insufficient. Because none of the complaint's allegations regarding policies of the City include any facts regarding to what policy they refer, they are insufficient to plausibly allege an official policy existed that would give rise to municipal liability.

### 2. Customs and Procedures

The complaint also fails to adequately allege a widespread custom or practice exists that could give rise to municipal liability. Turner alleges three separate ways in which the Officers acted

7

pursuant to City custom, each of which is insufficient. First, he repeatedly contends that the Officers' actions were based on "customs" or "procedures." (Dkt. 30 ¶¶ 55–57, 59, 61). These allegations provide no facts regarding what these purported customs were outside of the factual allegations related to Turner's arrest on July 20, 2014. Second, he alleges that "upon information and belief there are other instances when Round Rock police have wrongfully detained persons merely for failure to identify themselves." (*Id.* ¶ 60). Again, this statement is conclusory because Turner fails to allege sufficient supporting facts. *See Iqbal*, 556 U.S. at 678 (holding that a complaint will not "suffice if it tenders naked assertions devoid of further factual enhancement"). Third, Turner asserts that "[t]wo separate instances of violation of the Fourth Amendment by illegal seizure" occurred when he was arrested on July 20, 2014. (Dkt. 30 ¶ 60). But as the Fifth Circuit recently discussed, factual allegations related to one or two incidents, alone, are insufficient to demonstrate a widespread custom or practice. *See Prince v. Curry*, 423 F. App'x 447, 451 (5th Cir. 2011) ("The existence of only one or, at most two, other similarly situated defendants does not plausibly suggest that Tarrant County has a policy or custom of unconstitutionally subjecting sex offenders to enhanced sentences that is 'so persistent and widespread as to practically have the force of law.'"); *see also Bennett*, 728 F.2d at 768 ("Isolated violations are not the persistent, often repeated, constant violations that constitute custom and policy."). Because the complaint includes neither facts regarding other incidents like Turner's, nor any other facts indicating a widespread practice of Round Rock police officers, it does not sufficiently allege that the Officers were acting pursuant to a City custom that would give rise to municipal liability for the City.

### 3. Failure to Adopt a Policy

Finally, Turner argues that, in addition to showing that a policy or custom existed, a claim for municipal liability may be brought by alleging "absence or lack of a policy," (Dkt. 41 at 5). He

explains that his claims against the City "are founded primarily upon the lack or absence of policies." (Dkt. 41 at 5).

Turner cites almost no case law in support of this argument. (Dkt. 41 at 5–6). The cases he does cite, in the introduction to his response, primarily discuss failure-to-train claims. (Pl's. Resp. at 3–4). While Turner does, in two instances, allege that the City has "failed to adequately train and supervise its police officers," (Dkt. 30. ¶ 61(c); *see also* Dkt. 30 ¶ 57(c)), these allegations, like those made regarding the City's policies and customs, lack any detail and are too conclusory to meet the pleading requirements for a failure-to-train claim. *See Connick v. Thompson*, 563 U.S. 51, 62 (2011) ("A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train.").

Failure to adopt a policy may, however, give rise to a § 1983 claim for municipal liability. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 217 (5th Cir. 1998). That failure must amount to a conscious and intentional choice by the municipality's policymaker. *Rhyne v. Henderson Cnty.*, 973 F.2d 386, 396 (5th Cir. 1992). "[F]ailure to adopt a policy does not constitute such an intentional choice unless it can be said to have been 'deliberately indifferent.'" *Id.* Demonstrating deliberate indifference requires "proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick*, 563 U.S. at 61.

Here, Turner alleges that the City's policymaker acted with "deliberate indifference" leading to the violation of Turner's constitutional rights, (Dkt. 30 ¶¶ 57, 61), but he once again fails to allege facts that would render these assertions plausible. There are no factual allegations, for example, suggesting that other violations were known to a policymaker and went overlooked. Pleadings that "are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Thus, Turner's complaint does not sufficiently allege that the City failed to adopt a policy based on the deliberate indifference of a City policymaker. Because the Court has determined that Turner

failed to adequately allege that an official policy existed, or allege the failure to adopt a policy due to deliberate indifference, his claim for municipal liability fails, and the other two elements for municipal liability need not be considered by the Court.

While it may be difficult for Turner, without the benefit of discovery, to plead factual allegations sufficient to state a claim for municipal liability, that difficulty does not relieve him of the requirement to do so. *Iqbal*, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"). Requiring no more than conclusory and boilerplate allegations would allow municipal liability "[t]o collapse[] into respondeat superior liability," an outcome the Fifth Circuit has repeatedly urged against. *E.g.*, *James v. Harris Cnty.*, 577 F.3d 612, 618 (5th Cir. 2009) (stressing the moving force and deliberate indifference elements of municipal liability). The allegations against the City in the complaint do not provide even the most minimal factual detail,[2] and do not plausibly state a claim against the City. *See Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Turner's claims against the City must be dismissed.

---

[2] Turner cites, in his response, *Thomas v. City of Galveston*, 800 F. Supp. 2d 826 (S.D. Tex. 2011) to argue that, without the benefit of discovery, only the most minimal factual allegations are sufficient to allege municipal liability. (Dkt. 41 at 3–4). Yet Turner's complaint fails to even provide the minimal level of factual detail described in *Thomas*. *See* 800 F. Supp. 2d at 845. Instead, Turner's bare bones allegations against the City are remarkably like those at issue in *Thomas*, which the district court described as "fairly length," but otherwise "generic, boilerplate recitations of claims against a municipality." *Id.* And like those at issue in *Thomas*, Turner's claims are properly dismissed.

## IV. Conclusion

The City's Motion to Dismiss, (Dkt. 37), is hereby **GRANTED.**

The Court **DISMISSES** Plaintiff Phillip Turner's claims against Defendant City of Round Rock.

**SIGNED** on June 13, 2016

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE